IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN MITCHELL GANTLEY, )
)
    Plaintiff, ) Case No. 3:16-cv-01448
)
v. ) Judge Campbell
)
CRIS DAVIS, et al., )
)
    Defendants. )

**MEMORANDUM**

Plaintiff, an inmate of the Humphreys County Jail in Waverly, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Sheriff of Waverly County and the corporation contracted to provide medical care to inmates of the jail. The Complaint (ECF No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.    Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

**II.     Factual Allegations**

Plaintiff alleges that since his arrival at the jail in January 2016, he has been trying to get unspecified medical attention – "eye, dental, physical" – but that his medical requests are ignored. He alleges that at times his medication is late or not delivered at all, and that his grievances and complaints to Sheriff Davis have gone unanswered. Plaintiff alleges that he has experienced pain in January, February, late May and June. Finally, he alleges vaguely that he is "harassed and discriminated against by the jailers" at the jail.

**III.    Discussion**

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff fails to state a claim for violation of his rights under the Eighth Amendment.[1] Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013).

The subjective component of a deliberate indifference claim requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v.*

---

[1] The complaint does not indicate whether the plaintiff is a pretrial detainee or a convicted prisoner. This distinction would not affect the Court's analysis, because detainees have rights under the Fourteenth Amendment that are analogous to those provided by the Eighth Amendment. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). The Supreme Court's recent decision that detainees have a lower burden than convicted inmates in excessive force cases, *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015), has not been held to apply to deliberate indifference cases. *But see Johnson v. Clafton*, No. 13-14922, 2015 WL 5729080, at *4 (E.D. Mich. Sept. 30, 2015) (collecting cases and stating that "[a]fter *Kingsley*, it is unclear whether courts should continue to use the Eighth Amendment's deliberate-indifference standard to analyze inadequate-medical-care claims brought by pretrial detainees pursuant to the Due Process Clause"). Because the Court finds that the plaintiff has not satisfied his burden under either framework, it is not necessary to resolve that question at this stage.

*Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To establish the subjective component of this alleged violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment do not state an Eighth Amendment claim for cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5).

Plaintiff has failed to specify what his medical needs are, or what treatment they require. He seems to acknowledge that he is generally provided with whatever medication he is supposed to take, despite "sometimes" missing a dose or receiving it late. And although he alleges that he has experienced periods of pain, he does not allege that the pain is severe or allege any actual

facts establishing that the pain is attributable to any deliberate indifference by the jail's staff. His allegations are therefore too vague and conclusory to state a claim.

Moreover, Plaintiff has not alleged any facts that would make the named Defendants liable under § 1983. A defendant's personal involvement in the deprivation of constitutional rights is required to establish his or her liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005). Sheriff Davis's only alleged connection to this case has been his failure to act on Plaintiff's grievances and complaints, but an alleged failure to take corrective action in response to an inmate grievance does not supply the necessary personal involvement for § 1983 liability on any underlying claim. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation...."). And with regard to Southern Health Partners, although a private corporation that performs a traditional state function acts under the color of state law for purposes of § 1983, it cannot be found liable solely on the basis of *respondeat superior*. *Thomas v. Coble*, 55 F. App'x 748, 748-49 (6th Cir. 2003). For the corporation to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some official policy or custom. *Id.* at 749 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir.1996). Plaintiff has not alleged that corporate policy or custom has played a role in his case.

Finally, Plaintiff has not alleged any facts whatsoever to support his claim that he is being harassed and discriminated against, and has not named the "jailers" he says are committing the harassment and discrimination. "Conclusory allegations, unsupported by any material factual allegations, are not sufficient to state a claim under § 1983." *White v. Wayne Cty. Circuit Court Clerks*, 146 F. App'x 792, 794 (6th Cir. 2005)**.**

## IV. CONCLUSION

For the reasons set forth herein, this action will be **DISMISSED** for failure to state a claim upon which relief can be granted. An appropriate Order is filed herewith.

_____
TODD CAMPBELL
United States District Judge