# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN MITCHELL GANTLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:16-cv-01448 |
| CRIS DAVIS, et al., | ) Judge Campbell |
| Defendants. | ) |

## ORDER

Plaintiff John Mitchell Gantley has filed this *pro se* action under 42 U.S.C. § 1983 alleging violations of his constitutional rights in prison. Presently before the Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.) In addition, his complaint (ECF No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (ECF No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of Plaintiff's trust-fund account at the facility where he is currently incarcerated is **DIRECTED** to submit to the clerk of court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month),

but only when the balance in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The clerk of court **MUST** send a copy of this Order to the administrator of the Humphreys County Jail to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the administrator must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this Order must be submitted to the clerk of court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

B.     **Initial Review of the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. For the reasons set forth in the accompanying memorandum, the Court concludes that the complaint fails to state a claim for which relief can be granted, and this action is **DISMISSED.** 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. However, Plaintiff is notified that he may file a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, in conjunction with a post-judgment motion to amend his complaint under Rule 15(a)(2), in order to name as defendants any individuals he alleges are personally responsible for the alleged deliberate indifference to his medical needs, and to allege facts sufficient to satisfy the standard to state a claim for deliberate indifference. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *Brown v. Matauszak*, 415 F. App'x 608, 615 ("[I]f it is at all possible that the party against whom the dismissal is directed can

correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (internal quotation marks and citations omitted)). If Plaintiff seeks to take advantage of this opportunity, his motion to alter or amend judgment under Rule 59 must be filed within 28 days of entry of judgment, and should be submitted with the motion to amend the complaint and proposed amended complaint.

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Entry of this Order constitutes the judgment in this action.

It is so **ORDERED**.

_Todd Campbell_
TODD CAMPBELL
United States District Judge